

390 North Broadway – Ste. 140 | Jericho, New York 11753
Main Telephone: (516) 455-1500 | Facsimile: (631) 498-0478

DALLAS | NEW YORK | NAPLES

**June 22, 2022**

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1106
New York, New York 10007

Application **GRANTED**. For substantially the reasons set forth below, discovery is stayed pending a decision on the motion to dismiss.

Dated: June 23, 2022
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

Re: *DarkPulse, Inc. v. EMA Financial, LLC, et. al.*, Case No. 22-cv-00045-LGS

Dear Judge Schofield,

We are counsel for Plaintiff DarkPulse, Inc. ("DarkPulse") in the above-referenced action. We write jointly with counsel for Defendants EMA Financial, LLC, EMA Group, LLC, and Felicia Preston (collectively, "Defendants"). DarkPulse recently informed Defendants that it believes that discovery is stayed in this action because the Court granted Defendants the opportunity to move to dismiss DarkPulse's Amended Complaint (ECF No. 37) and thus "all discovery and other proceedings" in this action are presently stayed under the Private Securities Litigation and Reform Act of 1995 (the "PSLRA"). *See, e.g.*, 15 U.S.C. §§ 77z-1, 78u-4(b)(3)(B). Defendants do not object to a stay of discovery during the pendency of their anticipated motion to dismiss.

Under the PSLRA, in any private action for an alleged violation of the federal securities laws, such as the action at issue here, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party," 15 U.S.C § 77z-1. *See also* 15 U.S.C. § 78u-4(b)(3)(B). The stay requires that "no discovery [] take place until a court has affirmatively decided that a complaint does state a claim." *STMicroelectronics N.V. v. Credit Suisse Grp.*, 2009 WL 10695214, at *1 (E.D.N.Y. Apr. 27, 2009) (internal quotations omitted). The discovery stay "covers Rule 26 initial disclosures,"[1] *In re Initial Public Offering Securities Litigation*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002) (citing *Medhekar v. U.S. Dist. Ct.*, 99 F.3d 325, 328 (9th Cir. 1999)), and is not limited to class actions. See *In re Trump Hotel Shareholder Derivative Litig.*, 1997 WL 442135, at *1 (S.D.N.Y. Aug. 5, 1997).

---

[1] Defendants have already served their initial disclosures and discovery requests.

Moreover, because of the discovery stay, the Court's Civil Case Management Plan and Scheduling Order (ECF No. 33) should be considered "a document without any concrete dates or deadlines" because the Court and the parties do not yet know when—or whether—discovery will proceed. *Pedroli ex rel. Microtune, Inc. v. Bartek*, 251 F.R.D. 229, 230–31 (E.D. Tex. 2007). If the Court sustains the legal sufficiency of the Amended Complaint and this action proceeds, the parties can amend the scheduling order with concrete dates at that time.

We thank the Court for its attention to this matter.

    Respectfully Submitted,

    **THE BASILE LAW FIRM P.C.**

    /s/ Gustave P. Passanante
    Gustave P. Passanante, Esq.
    Eric J. Benzenberg, Esq.
    390 N. Broadway, Suite 140
    Jericho, New York 11753
    Tel.: (516) 455-1500
    Fax. (631) 498-0478
    Email: gus@thebasilelawfirm.com
           eric@thebasilelawfirm.com

    *Attorneys for DarkPulse, Inc.*

cc: All counsel of record (via ECF)